**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL NO. 3:00CR160**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **JENNIFER CALLOWAY** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion regarding her restitution. Specifically, Defendant requests that the Court (1) order an accounting to correct an alleged error in the total outstanding amount of restitution, (2) seal these proceedings in order to prevent her employer from finding out about her criminal record, and (3) adjust the amount of her monthly garnishment based on her child support obligations. **Motion, filed July 25, 2008.** For the reasons stated below, the Court will deny Defendant's first two requests, and, with the consent of the Government, grant the third.

## I. PROCEDURAL HISTORY

Based on events that took place between October 1997 and June 2001, Defendant was charged with one count of receiving stolen bank funds in violation of 18 U.S.C. § 2113(c)(2), and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). **Superseding Bill of Indictment, filed July 10, 2001, at 1-2.** She pled guilty to both counts and received two concurrent sentences of 54 months each. **Amended Judgment in a Criminal Case, filed July 17, 2003, at 1-2.** Along with her co-Defendants Jody Calloway and Kathy Grigg, she was ordered to pay restitution in the amount of $800,000. *Id.* **at 4.**

Thus far, the three co-Defendants' debt, for which they are jointly and severally liable, has been paid down as follows:

(1) $111,677.91 – net proceeds from liquidation of Defendants' assets;

(2) $78,524.00 – funds seized from a third party by the Federal Bureau of Investigation; and

(3) $7,421.92 – payments received from Defendants.

*See* **Government's Response to Defendant's Motion Regarding Restitution, filed August 22, 2008, at 3 & n.1.** Defendants' outstanding debt, as of August 22, 2008, is $602,376.17. *Id.*

## II. ANALYSIS

In the instant motion, Defendant first requests that "the Court order an accounting of the exact amount owed, in light of the United States Attorneys [sic] previous motions and Court Orders. The amount should be significantly less than $607,633.09 stated in the Writ of Continuing Garnishment." **Defendant's Motion,** *supra*, **at 5;** *see also* **Writ of Continuing Garnishment, filed July 7, 2008, at 1 (stating that $607,633.09 is the amount Defendant owed as of May 29, 2008).** In support of her contention that she does not owe the amount reflected in the Court's writ of garnishment, Defendant cites a Preliminary Order of Forfeiture entered by the Court in February 2003. **Defendant's Motion,** *supra***, at 3.** The Order of Forfeiture directs that $500,000 in stolen funds be forfeited to the United States in accordance with 21 U.S.C. § 853(n). **Preliminary Order of Forfeiture and Order of Sale, filed February 18, 2003, at 1.** The Government, however, advises that this $500,000 was never collected. **Government's Response,** *supra***, at 3 & n.1.**

Moreover, even if this money had been collected, Defendant would not necessarily be entitled to a reduction in her restitution amount as she contends. Her argument reflects a failure to appreciate the difference

between restitution and forfeiture. Both proceedings involve the transfer of assets from a criminal defendant to the Government. In the case of restitution, however, the Government acts only as a collector; the assets are immediately forwarded to the victims of the crime. **18 U.S.C. § 3664(m) (empowering the Government to enforce a restitution judgment);** *see also United States v. James*, **312 F. Supp. 2d 802, 807 (E.D. Va. 2004) (noting that "§ 3664(m) gives both the government and the victim named in the restitution judgment the power to enforce a restitution judgment").** Forfeiture, by contrast, is a process whereby the Government itself confiscates the proceeds and instrumentalities of illegal activity. **18 U.S.C. § 982(a)(1) (providing that a person who has been convicted of an offense under 18 U.S.C. § 1956 must "forfeit *to the United States* any property, real or personal, involved in such offense, or any property traceable to such property" (emphasis added)).**

According to the Government, the instant case involved some complex interactions between the restitution and forfeiture processes. **Government's Response,** *supra*, **at 3.** Several assets belonging to the three Defendants, including cash, a motorcycle, two SUVs, a boat, and a piece of real property, were originally seized pursuant to forfeiture

proceedings. *Id.*; *see also* **Preliminary Order of Forfeiture,** *supra*, **at 2 (listing assets to be seized).** The Department of Justice, however, determined that, in this case, restitution to the crime victims should take priority over the Government's interest in these forfeited assets. **Government's Response,** *supra*, **at 3 & n.1.** Accordingly, the proceeds from the sale of the forfeited assets was credited to the outstanding restitution amount and forwarded to the victims – rather than retained by the Government, as was the original intent of the seizure. *Id.* In this way, the three co-Defendants made much more progress on repaying the restitution debt than they otherwise would have. The Court, therefore, knows of no reason why this Defendant's restitution amount should be reduced even further.

Defendant next requests that the Court exclude the Garnishee, her employer, "from being included in on the details of this motion. This information would jeopardize Jennifer Calloway's employment with regards to the publicity surrounding the case and the stigma attached to having a felony." **Defendant's Motion,** *supra*, **at 4.** Elsewhere in the motion, Defendant claims that she "was not required to divulge her criminal status to her employer, as it would **not** be putting them in jeopardy. The

prejudices associated with having a felony; [sic] however, would put her job at risk." *Id.* **at 2 (emphasis original).**

Defendant cites no authority that would support her request for secrecy, and this Court is aware of none. The Court notes, however, that Defendant's job is protected by a statute which makes it unlawful for garnishees to discharge debtors from employment merely because their earnings have been subject to garnishment. **15 U.S.C. § 1674(a) ("No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.").** This statute does not, however, explicitly protect an employee from being discharged when a previously undisclosed felony comes to light. *Cf. Martin v. Hawkeye Int'l Trucks, Inc.*, **782 F. Supp. 1320, 1322 (S.D. Iowa 1991) (noting that the "Congressional intent of 15 U.S.C. § 1674(a) was to secure the employee's job in the event that the employee's wages were garnished due to indebtedness").** For these reasons, the Court is unable to grant Defendant's request to seal the instant proceedings.

Finally, Defendant requests that her child support payments be deducted from her regular wage garnishments. **Defendant's Motion,**

*supra*, at 5. The Government has indicated that it does not object to this request, inasmuch as it is in line with 28 U.S.C. § 3205(c)(8), which prioritizes child support orders over writs of garnishment. **Government's Response**, *supra*, at 4. The Government also indicates that it is in the process of making the necessary adjustment in garnishment. *Id.*

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce her total restitution and to seal these proceedings is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's claim for relief under 28 U.S.C. § 3205(c)(8) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Government shall reduce the funds garnished from Defendant's employer in order to account for Defendant's child support obligations. At the expiration of such child support obligations, however, the Government is entitled to resume the full garnishment amount.

8

Signed: August 27, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge